FELIPE KRUMMEL v. THE STATE.

No. 1771.    Decided May 8, 1912.

1.—Theft—Attorney and Client—Bill of Execeptions.

Where the question that defendant was denied counsel was raised by his motion for new trial and not by bill of exceptions, the same could not be considered on appeal; besides, the lower court heard testimony on this question and overruled the motion.

**2.—Same—Variance—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of theft of property over the value of $50, the appellant claimed that the offense was embezzlement and not theft, but the evidence showed that he was guilty of theft as alleged there was no error.

Appeal from the District Court of Hidalgo. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of theft over the value of $50; penalty, three years imprisonment in the penitentiary.

The State's testimony showed that defendant was employed as a clerk by the prosecuting witness; that the latter saw him take some of the money which he received from sales in the store; that seventy-five dollars were found in possession of defendant, and that when he was accused of stealing the same he voluntarily confessed that he did so, but afterward contended that he received the money from his mother. This with the statement in the opinion is sufficient.

*Chapin & Brown,* for appellant.—On question of defendant being denied counsel; Daugherty v. State, 26 S. W. Rep., 60; Valle v. State, 9 Texas Crim. App., 65; Jackson v. State, 88 S. W. Rep., 239.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of theft of property over the value of $50 and his penalty fixed at two years imprisonment in the penitentiary.

He assigns but three errors. He presents but two of these by his brief. The first is, he claims he was denied counsel in his trial in the lower court. This is raised by his motion for new trial. There is no bill of exceptions on the subject. It should have been presented by a bill of exceptions. We take it, from his motion for new trial, that he was not denied counsel, but that he was disappointed in not getting a certain attorney whom he claims he thought and understood was going to represent him. The judgment of the court overruling his motion for new trial shows that the court heard the motion and the evidence thereon submitted, and overruled it. From this, we take it, that the court heard testimony and after doing so, concluded there was no merit in appellant's contention. The evidence not being shown to us by bill of exceptions or otherwise, on this point, we must necessarily sustain the action of the lower court and as the matter is presented to us, no reversible error is shown.

The other assignment of error presented by appellant is that the court refused to grant him a new trial on the grounds that the indictment charges appellant with theft, and the evidence adduced on the trial tends to show that he was guilty of embezzlement or some other crime but wholly fails to establish theft. We have carefully read and gone over the evidence repeatedly and our opinion is that the evidence

is sufficient to establish the theft and there was no error in the court refusing to grant a new trial on that ground. The evidence is sufficient when taken all together to show that the amount of money taken by appellant was more than $50 at one time.

The judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 5, 1912.—Reporter.]